# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EMMANUEL KOKU, | ) |
| Plaintiff, | ) |
| | ) No. 15 C 2747 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| JOHN C. BONEWICZ, P.C., | ) |
| Defendant. | ) |

## ORDER

Defendant John C. Bonewicz P.C.'s motion to dismiss [8] is granted. Koku's Complaint is dismissed without prejudice. Koku's counsel must provide the bankruptcy Trustee in Koku's closed bankruptcy proceeding with a copy of this Order. The Trustee is invited to file a brief memorandum discussing the issues in this Order by November 13, 2015. A status hearing is set for November 18, 2015 at 9:30 AM so that Koku's counsel can report on the status of the bankruptcy case. See Statement.

## STATEMENT

Plaintiff Emmanuel Koku filed a Complaint against Defendant John C. Bonewicz, P.C. ("Bonewicz") alleging forum shopping and misrepresentation of the legal status of a debt, in violation of the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Bonewicz requests dismissal of the Complaint with prejudice. Bonewicz argues that because Koku did not include this suit in the schedule of assets in his preceding Chapter 7 bankruptcy suit, he is judicially estopped from asserting the venue claim (Count I). Koku states that he did not report this lawsuit because the Seventh Circuit had not yet found such venue claims to be viable FDCPA causes of action. Bonewicz seeks dismissal of Count II, which alleges misrepresentation of the legal status of a debt, because Bonewicz dismissed Emmanuel Koku from the collection action due to the pending bankruptcy and obtained the default judgment against only Marcellina Koku. Based on these representations, Koku agrees to strike Count II from the Complaint. Count II is therefore dismissed without prejudice.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.

Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court may take judicial notice of matters of public record, including pleadings and orders entered in other cases, without converting a motion to dismiss into a motion for summary judgment. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

The procedural histories of the collection action, the bankruptcy case, and this action are brief. On March 20, 2014, Bonewicz filed a collection suit on behalf of CACH, LLC in the First Municipal District of Cook County against Koku. On April 14, 2014, Koku filed a Chapter 7 bankruptcy petition. *In re Emmanuel Koku*, No. 14-bk-13816 (N.D. Ill. Bankr.). On May 1, 2014, Bonewicz obtained an ex-parte judgment against Marcellina Koku, a co-defendant in the collection action. On August 7, 2014, the bankruptcy court issued a discharge order and on August 8, 2014 closed the bankruptcy case. On March 30, 2015, Koku filed this FDCPA action.

As for Count I, Koku's FDCPA claim for improper venue, Bonewicz argues that Koku is judicially estopped from pursuing this claim because the cause of action arose before the bankruptcy. Therefore, according to Bonewicz, Koku was obligated to disclose the existence of this claim in his bankruptcy filing and his failure to report the claim or amend his petition or reopen the bankruptcy case to include the claim means that he may not bring it now.

A debtor who fails to disclose a potential lawsuit in his Chapter 7 bankruptcy filing is barred from later bringing that claim in federal court because "the claim belongs to the Trustee while the bankruptcy case is open." *Rogers v. Ford Motor Co.*, No. 12 C 7220, 2015 WL 2097679, at *3 (N.D. Ill. May 4, 2015) (quoting *Metrou v. M.A. Mortenson Co.*, 781 F.3d 357, 358 (7th Cir. 2015)). "After the bankruptcy court discharges the debtor's debts, the debtor is judicially estopped from litigating after the bankruptcy ends; having told the bankruptcy court implicitly that any tort claim had no value, and having received a discharge in response, the debtor is estopped from contending in a later suit that the claim is valuable." *Id.* (citation omitted) (internal quotation marks omitted). Judicial estoppel is an equitable doctrine and not an absolute rule, therefore it applies to debtors who have lied to the bankruptcy court and attempted to hide assets, not necessarily to "a debtor who errs in good faith and tries to set things right by surrendering the asset to the Trustee." *Id.* (citation omitted) (internal quotation marks omitted).

Koku argues that he could not have reported the venue claim when he filed for bankruptcy in April 2014 because the Seventh Circuit had not yet issued *Suesz v. Med-1 Solutions, LLC*, making such claims viable under the FDCPA. *See* 757 F.3d 636, 638 (7th Cir. 2014) (interpreting "judicial district" to allow such claims). The Seventh Circuit handed down *Suesz* on July 2, 2014 and made it retroactive. *Id.* at 649–50. The bankruptcy court issued the discharge on August 7, 2014 and closed Koku's case on August 8, 2014.

Koku does not explain why he did not seek to amend his bankruptcy filing once the *Suesz* case was decided. "Debtors have a continuing duty to schedule newly acquired assets while the bankruptcy case is open." *Rainey v. United Parcel Serv., Inc.*, 466 F. App'x 542, 544 (7th Cir. 2012). That would have been the proper course of action. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) (finding plaintiff judicially estopped from bringing later case

because "if [she] were really making an honest attempt to pay her debts, then as soon as she realized that [the administrative claim] *had* been omitted, she would have filed amended schedules and moved to reopen the bankruptcy, so that the creditors could benefit from any recovery").

Even if the Court were to find that Koku's cause of action for the venue claim is measured as of the July *Suesz* decision rather than March 20, 2014 when the collection action was filed, that claim belongs to the Trustee because it accrued, at the latest, while the bankruptcy was still open. *See Mayes v. Walgreen Co.*, No. 08 CV 5105, 2009 WL 1312957, at *2 (N.D. Ill. May 11, 2009) (explaining "a bankruptcy estate is comprised of property including all legal or equitable interests of the debtor in property as of the commencement of the case," which includes "any interest in property that the estate acquires *after* the commencement of the case" (citations omitted) (internal quotation marks omitted)). Therefore, as of either April or late July 2014, Koku's bankruptcy estate would have included the FDCPA claim. *See id.*; *see McCauley v. Hunter*, No. 14 C 8698, 2015 WL 2193805, at *3 (N.D. Ill. May 7, 2015) (dismissing venue claim based on pre-bankruptcy facts).[1]

Koku argues that he did not intentionally omit the claim and asks the Court not to apply judicial estoppel. The Court agrees that judicial estoppel is meant to keep dishonest debtors from concealing assets during the bankruptcy process and requires a factual determination about Koku's actions and belief during the bankruptcy proceeding that is not appropriate here. *See Rogers*, 2015 WL 2097679, at *4 ("[F]act questions about [the debtor's] motivation in failing to disclose this case and then disclosing it as worthless prevent the court from finding, as a matter of law, that judicial estoppel bars [her] present claims.").

Koku alternatively asks the Court to dismiss his suit without prejudice to allow him to reopen the bankruptcy proceedings and amend the assets. That is the appropriate procedure. *See Metrou*, 781 F.3d 357, 358 (7th Cir. 2015) (commenting that debtor's notifying of the Trustee, who reopened the bankruptcy and moved to replace the debtor as plaintiff in the tort suit was "the approach we had contemplated . . . as the appropriate way to deal with a legal asset omitted from bankruptcy schedules"); *Rogers*, 2015 WL 2097679, at *4 ("To the extent that [the debtor] now realizes, in good faith (an issue which cannot be decided based on the present record), that her claim has potential value, she can and should go back to the bankruptcy court so the trustee can make an affirmative finding about whether to step into [her] shoes and pursue this case.").

Therefore, Bonewicz's motion to dismiss is granted. The Complaint is dismissed without prejudice. Koku's counsel must provide the bankruptcy Trustee in Koku's closed bankruptcy proceeding with a copy of this Order. The Trustee is invited to file a brief memorandum discussing the issues in this Order by November 13, 2015. A status hearing is set for November 18, 2015 so that Koku's counsel can report on the status of the bankruptcy case.

---

[1] Although the Parties do not address Koku's misrepresentation claim (Count II) in their judicial estoppel arguments, the same analysis applies, because Bonewicz's alleged pursuit of the collection action after learning of the bankruptcy spanned April and May 2014 while the bankruptcy case was proceeding.

3

Date:  October 13, 2015                                                      /s/___Sara L. Ellis_____